# In the United States Court of Federal Claims

|  |  |
|---|---|
| JASON PAUL CHESTER,<br><br>        *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>        *Defendant*. | No. 24-614C<br>(Filed: April 23, 2024) |

*Jason Paul Chester*, pro se, Puyallup, WA.

*Isabelle Aubrun*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER**, *Judge*.

      Proceeding pro se, Mr. Jason Paul Chester filed a pro se Complaint in this Court on April 15, 2024.  Compl., Dkt. No. 1.  He claims that federal officials violated his constitutional rights and rights under the Administrative Procedure Act ("APA"), committed "numer[ous] crimes" against him, and caused him physical injuries because he applied for a passport.  *Id.* at 2.  He seeks $25 million in damages for gross negligence, reckless conduct, and lack of due care.  *Id.* at 3.  For the reasons below, Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. No. 2) is **GRANTED**.  The Complaint is also **DISMISSED without prejudice** for lack of subject-matter jurisdiction.  *See* 28 U.S.C. § 1491.

**I.    Background**

      Mr. Chester alleges that the Department of Justice "sent four AUSAs after him to justify a deprivation of constitutional rights and rights under the [APA]."  Compl. at 2.  He also claims that these federal officials violated 18 U.S.C. § 1001 and § 242.  *Id.*  He was thus "subjected to an extreme amount of undue stress" which left him permanently disabled.  *Id.*  Plaintiff states that he was harmed by the federal officials because he applied for a passport.  *Id.*

**II.    Motion to Proceed in Forma Pauperis**

      Plaintiff requests that the Court allow him to litigate his claim without paying the required filing fees.  Mot. for Leave to Proceed in Forma Pauperis ("IFP Mot."), Dkt. No. 2.  Under 28 U.S.C. § 1915(a)(1), plaintiffs can proceed in forma pauperis when they are "unable to pay" these fees.  "[T]he threshold for [an IFP motion] is not high," but Mr. Chester must support his request with an affidavit providing enough information that shows his eligibility for this status.  *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); 28 U.S.C. § 1915(a)(1).  Based on

the submitted information, the Court may determine whether "paying such fees would constitute a serious hardship on the plaintiff." *Fiebelkorn*, 77 Fed. Cl. at 62.

Mr. Chester has shown that paying the filing fees "would constitute a serious hardship." *Id.* In his application, he explains that he is unemployed and has not received any income from rent, pensions, annuities, life insurance, or gifts and inheritances. IFP Mot. at 2. He receives some income from social security payments, and as of April 2, 2024, has $95.82 saved in a bank account. *Id.* Thus, because Plaintiff notes insufficient income and assets relative to his expenses, the Court grants his request to proceed without paying the required fees.

### III.  Subject-Matter Jurisdiction

Plaintiffs must establish subject-matter jurisdiction for the Court of Federal Claims to hear their claims. *Kissi v. United States*, 493 Fed. App'x 57, 58 (Fed. Cir. 2012). Mr. Chester proceeds pro se, and such litigants are generally "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, pro se plaintiffs must establish proper jurisdiction. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015). The Court can also examine on its own whether subject-matter jurisdiction exists. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *see* RCFC 12(h)(3).

Here, it is apparent on the face of the Complaint that this Court lacks jurisdiction over Mr. Chester's action. Plaintiff argues that this Court possesses exclusive jurisdiction over his case because he claims more than $10,000 in damages. Compl. at 1 (citing 28 U.S.C. § 1491). The Tucker Act grants the Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Plaintiff must identify a separate source of law that establishes his right to money damages. *Id.*

Plaintiff alleges violations of the APA, 18 U.S.C. § 1001 and § 242, none of which supports jurisdiction in the Court of Federal Claims. The APA allows the Court to "compel agency action unlawfully withheld or unreasonably delayed" or to "hold unlawful and set aside agency action, findings, and conclusions." 5 U.S.C. § 706; *see also* 5 U.S.C. § 702. It includes no money-mandating provision that can be enforced against the Government by a private party. *Ballard v. United States*, 680 F. App'x 1007, 1008–09 (Fed. Cir. 2017); *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006). Similarly, Mr. Chester cannot rely on 18 U.S.C. § 1001 and § 242 because this Court lacks jurisdiction over criminal cases. *Lofton v. United States*, No. 2023-1175, 2023 WL 3220932, at *3 (Fed. Cir. May 3, 2023); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]"); *see* 18 U.S.C. § 3231 (providing federal district courts with original jurisdiction over all offenses against the laws of the United States). Both 18 U.S.C. § 1001 and § 242 are criminal statutes. 18 U.S.C. § 1001 (prohibiting materially false statements connected with official proceedings) and § 242 (barring the deprivation of constitutional rights under color of state or territorial law). Thus, Mr. Chester's invocation of these statutes cannot establish jurisdiction.

A liberal reading of Mr. Chester's allegations implicates the Due Process Clause of the Fourteenth Amendment.  Compl. at 2.  However, the Fourteenth Amendment does not create a right to money damages.  *Hawkins v. United States*, 748 F. App'x 325, 326 (Fed. Cir. 2019).  Likewise, to the extent that Plaintiff claims damages from purported tortious conduct (i.e., negligence, reckless conduct, lack of due care), the Court lacks subject-matter jurisdiction over such claims.  § 1491(a)(1); *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims . . . lacks jurisdiction over tort actions against the United States.").  Because this Court lacks authority to adjudicate Mr. Chester's claims, it must dismiss the Complaint.  RCFC 12(h)(3).

## IV.  Conclusion

For the above reasons, Plaintiff's Motion to Proceed in Forma Pauperis is **GRANTED** and the Complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner  
CAROLYN N. LERNER  
Judge